# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARLON GONZALEZ, | : | |
| Petitioner, | : | |
| | : | Civil No. 3:17-cv-1011 (VLB) |
| v. | : | Criminal No. 3:00-cr-127 |
| | : | |
| UNITED STATES OF AMERICA, | : | October 26, 2018 |
| Respondent. | : | |
| | : | |
| | : | |
| | : | |
| | : | |

## MEMORANDUM OF DECISION DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 [DKT. 1]

Petitioner, Marlon Gonzalez ("Petitioner" or "Mr. Gonzalez"), seeks to have his conviction and sentence vacated pursuant to 28 U.S.C. § 2255. He claims three grounds of ineffective assistance of counsel. However, Mr. Gonzalez failed to file his petition within the one year statute of limitations set by AEDPA and has failed to show that he is entitled to equitable tolling, nor does he show that he is entitled to relief on the merits. Thus, as explained further below, Mr. Gonzalez's § 2255 motion is DENIED.

### Background

A grand jury indicted Marlon Gonzalez on November 19, 2014 for conspiracy to possess with the intent to distribute cocaine and crack cocaine. *USA v. Gonzalez,* Case No. 14-cr-225 (hereinafter "*Gonzalez*"), [Dkt. 1 (Crim. Compl.)]. On September 9, 2015, Mr. Gonzalez pled guilty to conspiracy to possess with intent to distribute 280 grams or more of cocaine base in violation of 21 U.S.C §§ 841(a)(1), 841(b)(1)(A) and 846, as alleged in Count One of the indictment. *Gonzalez,* [Dkt.

206 (Plea Agreement)]. The violation carried a statutory mandatory minimum sentence of incarceration of 120 months. *Id.* at 2.

In the Plea Agreement, the parties stipulated that a quantity of 280 grams of cocaine base was reasonably foreseeable to Mr. Gonzalez as a result of his participation in the conspiracy charged in Count One. *Id.* at 4. The parties further stipulated that Mr. Gonzalez's base offense level under U.S.S.G. § 2D1.1(C) is 30, three levels would be added under U.S.S.G. § 3B1.1(b) as a result of Mr. Gonzalez's role as a manager or supervisor of the criminal activity, two levels would be added under U.S.S.G. § 2D1.1(b)(1) because Mr. Gonzalez possessed a firearm during the offense, and three levels would be deducted under U.S.S.G. § 3E1.1 for acceptance of responsibility, assuming he remained eligible. *Id.* With a total offense level of 32 and a criminal history category of II, the applicable Sentencing Guidelines range was 135 to 168 months of imprisonment. *Id.*

Petitioner's Plea Agreement states, "[t]he defendant acknowledges that under certain circumstances he is entitled to challenge his conviction and sentence. With the exception of habeas claims asserting ineffective assistance of counsel, the basis for which the defendant neither knew, nor could have known, at the time this plea agreement was entered into, defendant agrees not to appeal or collaterally attack in any proceeding, including but not limited to a motion under 28 U.S.C. §2255 and/or §2241, the conviction or sentence imposed by the Court if that sentence does not exceed 120 months of imprisonment." *Gonzalez*, [Dkt. 206 at 5]. He also signed a petition acknowledging his understanding of the terms of the Plea Agreement. *Gonzalez*, [Dkt. 205 (Petition to Enter Plea of Guilty)]. Finally,

this Court routinely advises each defendant at sentencing of their right to appeal, the manner of filing an appeal, and of the right to be represented by counsel should they choose to pursue an appeal, as well as reminding the defendant of the terms of any appeal waiver in the plea agreement. Thus, Petitioner was repeatedly advised of and acknowledged understanding his right to appeal, his waiver of that right and his right to file and the permissible bases for filing a habeas petition.

On January 20, 2016, this Court sentenced Mr. Gonzalez to the statutory mandatory minimum of 120 months in prison, to be followed by a 4 year term of supervised release. *Gonzalez*, [Dkt. 355 (Judgment)]. The final judgment was entered on January 29, 2016. *Id.* Mr. Gonzalez did not pursue a direct appeal of the judgment. The time to file a direct appeal expired 14 days after the entry of judgment, February 14, 2016. *See* Fed. R. App. P. 4(b)(1)(A).

Mr. Gonzalez executed his § 2255 motion on June 13, 2017 and it was filed with the Court on June 19, 2017. [Dkt. 1 (§ 2255 Motion)]. His initial § 2255 motion was followed by a second motion with two addenda, which the Court understands to actually be the memorandum of law in support of his motion which he cited to in his initial motion, *see* [Dkt. 3], and later a reply to the Government's response to the order to show cause, *see* [Dkt. 9-1]. The Court has reviewed and taken into account Petitioner's arguments in each of these filings. The Court has also taken into account Petitioner's pro se status and construed his arguments liberally accordingly. *See Cruz v. Gomez*, 202 F. 3d 593, 597 (2d Cir. 2000).

Mr. Gonzalez's motion is based on a claim of ineffective assistance of counsel on three grounds. First, Mr. Gonzalez argues that his attorney improperly

failed to object to the insufficiency of the indictment, suggesting that the Government failed to allege, and/or failed to prove, that Mr. Gonzalez knew he possessed a controlled substance. [Dkt. 1 at 5]. Second, Mr. Gonzalez argues that his counsel was ineffective for failing to object to the two level enhancement to his offense level under U.S.S.G. §2D1.1(b)(1) for possession of a firearm during the course of narcotics trafficking. [Dkt. 1 at 6]. And third, Mr. Gonzalez argues that his counsel was ineffective for failing to object to the three level enhancement under U.S.S.G. §3B1.1(b) for his role as manager or supervisor of an offense involving five or more persons. *Id.* at 8.

The Respondent argues that Mr. Gonzalez's motion fails because it is untimely—he filed it more than one year after the judgment became final and there is no basis for equitable tolling of the statute of limitations—and because his claims are procedurally defaulted due to his failure to pursue them on direct appeal. [Dkt. 5 (Resp. to Order to Show Cause) at 2-4]. In addition, Respondent argues that, even if counsel was ineffective for failing to object to the sentencing enhancements, Mr. Gonzalez was not prejudiced by those enhancements because he received the minimum sentence required by statute—120 months. *Id.* at 4. The sentence imposed represented a downward departure and variance below the applicable recommended Guideline range calculated by the Court applying the challenged enhancements. Consequently, the challenged enhancements did not affect Petitioner's sentence.

## Legal Standard

Section 2255 enables a prisoner in federal custody to petition a federal court to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(a). Section 2255 imposes a one year period of limitation, which runs from the latest of "(1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through exercise of due diligence." *Id.* at § 2255(f).

Relief under Section 2255 is generally available "only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in complete miscarriage of justice." *Graziano v. United States*, 83 F.3d 587, 590 (2d Cir. 1996) (internal quotation marks and citation omitted). Section 2255 provides that a district court should grant a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

## Analysis

Mr. Gonzalez filed his § 2255 motion outside the one year statute of limitations prescribed by § 2255(f). Under § 2255(f)(1), Mr. Gonzalez had one year

from the time his judgment became final to file his motion. The judgment was entered on January 29, 2016 and the time to appeal expired on February 14, 2016. *See* Fed. R. App. P. 4(b)(1)(A). As such, Mr. Gonzalez had until February 14, 2017 to file his § 2255 motion. Mr. Gonzalez filed his motion no earlier than June 13, 2017—he signed the petition on June 13, 2017 and it was filed on the docket on June 19, 2017—four months after the deadline passed. *See* [Dkt. 1]. Thus, Mr. Gonzalez's motion is untimely.

None of the three other provisions of § 2255(f) save Mr. Gonzalez's motion. Mr. Gonzalez does not argue that governmental action impeded his ability to bring his motion under § 2255(f)(2), or that he is asserting a right newly recognized by the Supreme Court under § 2255(f)(3), or that he discovered new facts that support his claim under § 2255(f)(4). Thus, § 2255(f)(1) is Mr. Gonzalez's only option, and he failed to meet that deadline.

Mr. Gonzalez urges the Court to overlook any minor procedural inadequacies associated with his motion and further suggests that, based on *Raines v. United States*, 423 F. 2d 526 (4th Cir. 1970), his motion may be made at any time and any delay in filing such a motion is not controlling. [Dkt. 3 at 2-3]. But *Raines* is a Fourth Circuit decision from 1970, *before* Congress enacted the Antiterrorism and Effective Death Penalty Act (hereinafter "AEDPA"), 28 U.S.C. § 2255, in 1996 setting the one year statute of limitations.

Before AEDPA, there were few time restraints for prisoners seeking federal post-conviction review. But allowing petitioners to file motions to vacate, set aside, or correct their sentences at whatever point in time they may have chosen

entirely frustrated the aim of finality of convictions and sentences. That finality "is essential to the operation of our criminal justice system. Without finality, the criminal law is deprived of much of its deterrent effect." *Teague v. Lane*, 489 U.S. 288, 309 (1989). Further "a procedural system which permits an endless repetition of inquiry into facts and law in a vain search for ultimate certitude implies a lack of confidence about the possibilities of justice that cannot but war with the effectiveness of underlying substantive commands." *McCleskey v. Zant*, 499 U.S. 467, 492 (1991) (quoting Bator, Finality in Criminal Law and Federal Habeas Corpus for State Prisoners, 76 Harv. L. Rev. 441, 452-53 (1963)). Recognizing this concern, Congress enacted AEDPA to provide prisoners with the ability to challenge their sentences, but imposed the one year deadline in order to serve the interest of finality.

While AEDPA does not specifically allow for tolling, or pausing, of its one year statute of limitations, the Supreme Court in *Holland v. Florida*, 560 U.S. 631 (2010), ruled that the limitations period may be tolled for non-statutory equitable reasons in appropriate circumstances. Such circumstances will exist only in exceptional cases where the petitioner "shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649 (internal quotation marks omitted). The Second Circuit has explained that, "[t]o equitably toll the one-year limitations period, a petitioner must show that extraordinary circumstances prevented him from filing his petition on time, and he must have acted with reasonable diligence throughout the period he seeks to toll." *Hizbullahankhamon*

*v. Walker*, 255 F.3d 65, 75 (2d cir. 2001). Further, "[t]o show that extraordinary circumstances prevented him from filing his petition on time, petitioner must demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." *Id.*

In his reply brief, Mr. Gonzalez argues that he is entitled to equitable tolling because of his attorney's misconduct. [Dkt. 9-1 at 13-14]. Mr. Gonzalez briefly suggests that his attorney failed to communicate with him, and specifically, to tell him of his right to pursue a direct appeal. *Id.* at 14.

Courts have recognized that, under certain circumstances, serious attorney misconduct can qualify as an extraordinary circumstance warranting equitable tolling. *See, e.g.*, *Holland*, 560 U.S. at 652-53; *Baldayaque v. United States*, 338 F.3d 145, 152 (2d Cir. 2003). "[S]imple mistakes about the rules applied to the deadlines for filing of habeas petitions," which are ordinary, do not rise to the level of extraordinary circumstances. *Baldayaque*, 338 F.3d at 152. But extraordinary circumstances may exist where habeas counsel failed in some extreme way to communicate with his or her client and apprise him or herself of the AEDPA filing deadline. *See, e.g.*, *Holland*, 560 U.S. at 652-53 (finding that attorney's failure to research basic deadlines, communicate with his client, and file his client's petition despite numerous and repeated attempts by the client to emphasize the importance of the filing may amount to extraordinary circumstances warranting equitable

tolling); *Baldayaque*, 338 F.3d at 152 (allowing tolling where attorney failed to communicate with the client and apprise him of the status of the case or do any research regarding the filing deadline).

For instance, in *United States v. Martin*, cited by Mr. Gonzalez, the Eighth Circuit concluded that the petitioner's habeas counsel lied to him about the filing deadline and the status of the case, failed to communicate with the petitioner, neglected to file any documents on the petitioner's behalf, and refused to return the petitioner's original paperwork despite repeated requests to do so. 408 F.3d 1089, 1094-95 (8th Cir. 2005). Because the petitioner had diligently pursued his § 2255 claim even as his attorney misled him, he satisfied the conditions under *Holland* and was entitled to equitable tolling. *Id.*

Mr. Gonzalez filed his § 2255 motion pro se and did not at any point, to the Court's knowledge, have counsel advising him in this proceeding. Mr. Gonzalez does not suggest that he had entrusted counsel with filing his § 2255 motion and that counsel failed to timely file despite Mr. Gonzalez's diligent efforts otherwise. Rather, Mr. Gonzalez suggests that his trial counsel failed to inform him of his right to file a direct appeal. Mr. Gonzalez's claim that he was not advised of his appeal rights or of habeas relief is wanting because he was repeatedly advised of his rights to appeal and file a habeas petition and his waiver of certain of those rights by this Court.

Nevertheless, any perceived failure of counsel to advise Petitioner of his appeal rights is wholly unrelated to Mr. Gonzalez's failure to timely file his § 2255 petition and Mr. Gonzalez does not make any arguments that some other

extraordinary circumstance prevented him from filing within the AEDPA one year statute of limitations. Mr. Gonzalez has not shown that he is entitled to equitable tolling and his petition is untimely. Nor has he shown that he would have been entitled to relief on the merits had it been timely filed. Therefore, his motion is DENIED.

Because Mr. Gonzalez's motion fails on timeliness grounds, the Court does not reach the other procedural issues raised by Respondent or the merits of Petitioner's claims of ineffective assistance of counsel beyond the cursory considerations contained herein for the purpose of weighing the equity of adhering to the filing deadline.

### Conclusion

For the foregoing reasons, Mr. Gonzalez's § 2255 motion to vacate, set aside, or correct sentence is DENIED. Additionally, because Mr. Gonzalez's claims are both unquestionably time barred and without substantive merit, a certificate of appealability is DENIED. The Clerk is directed to close this case.

IT IS SO ORDERED

_____/s/_____

Hon. Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut: October 26, 2018